IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHANNON ZINN HALE, # B-87242, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 16-cv-150-MJR |
| BRANDON PATE, PAT BOMA, ALBERT WALKER, JAMES MICHAEL RIDEN, and SALINE COUNTY DETENTION CENTER, | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff, currently incarcerated at Southwestern Illinois Correctional Center ("Southwestern"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. His claims arose shortly after his arrest in Saline County. Plaintiff asserts that Defendants subjected him to excessive force. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. However, before this review can be conducted, the Court must address Plaintiff's motions to amend his complaint.

Plaintiff filed his pro se complaint on February 10, 2016. On February 22, 2016, he submitted a motion seeking to amend the section of his complaint stating the relief sought, in order to specify that he requests $22 million in damages (Doc. 4).

On March 7, 2016, Plaintiff submitted another motion to amend his complaint (Doc. 9). He asked to remove the Saline County Detention Center from the list of Defendants. Along with the motion, Plaintiff submitted a three-page document entitled "Amended

Complaint," which was not filed of record pending review by the Court. This document consists only of a revised statement of facts, in 21 numbered paragraphs, supporting Plaintiff's claims. Plaintiff signed the document, but it does not contain a case caption, does not list or identify the defendants, and does not contain any request for relief. As such, it cannot stand alone as an amended complaint.

Plaintiff's motions (Docs. 4 & 9) and the proposed amended complaint are improper attempts to amend the original complaint in a piecemeal, cut-and-paste fashion. This is not allowed. An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004). Plaintiff may still amend his complaint, but he must do so by submitting a complete pleading, that stands on its own without reference to the original complaint or any other document.

Accordingly, the motions to amend complaint (Docs. 4 & 9) are **DENIED** without prejudice.

**IT IS THEREFORE ORDERED** that, if he still desires to amend his complaint, Plaintiff shall file his First Amended Complaint within 35 days of the entry of this order (on or before June 13, 2016). It is strongly recommended that Plaintiff use the form designed for use in this District for civil rights actions. He should label the pleading "First Amended Complaint" and include Case Number 16-cv-150-MJR. Plaintiff should attempt to include the facts of his case in chronological order, inserting Defendants' names where necessary to identify the actors and the dates of any material acts or omissions.

Because the amended complaint supersedes and replaces the original complaint, the First Amended Complaint must contain all the relevant allegations in support of Plaintiff's

claims and must stand on its own, without reference to any other pleading. Should the First Amended Complaint not conform to these requirements, it shall be stricken. If Plaintiff does not file a complete amended complaint within the above deadline, the Court shall proceed to conduct its merits review on the original complaint (Doc. 1).

No service shall be ordered on any Defendant until after the Court completes the § 1915A review of the operative complaint.

In order to assist Plaintiff in preparing his amended complaint, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: May 9, 2016**

s/ MICHAEL J. REAGAN
Chief Judge
United States District Court