IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHANNON ZINN HALE, # B-87242, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 16-cv-150-MJR |
| | ) |
| BRANDON PATE, | ) |
| PAT BOMA, ALBERT WALKER, | ) |
| and JAMES MICHAEL RIDEN, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

This matter is before the Court for review of Plaintiff's First Amended Complaint (Doc. 12), filed on May 24, 2016. Plaintiff is a state prisoner in the custody of the Southwestern Illinois Correctional Center ("SWICC"). Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief

must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Applying these standards, the Court finds that Plaintiff's claims survive threshold review under § 1915A.

**The Complaint**

Plaintiff's claims arose while he was a pretrial detainee being held in the Saline County Detention Center ("SCDC") on December 21, 2014, shortly after his arrest (Doc. 12, p. 6). Defendant Riden arrested Plaintiff and took him to the SCDC, where he was confronted by Defendants Pate and Walker (jail officers). Defendant Pate ordered Plaintiff to stand against the wall and take off his belt. Plaintiff complied, and reached behind his back to give the belt to Defendant Pate (it appears that Plaintiff was facing the wall at the time). Plaintiff unintentionally made contact with Defendant Pate's shoulder. Defendant Walker grabbed Plaintiff and threw him against the wall so hard that the wind was knocked out of him. Defendant Pate next ordered Plaintiff to take off his shoes, and Plaintiff did so. Defendant Pate picked Plaintiff up and

"slammed on [his] head," causing Plaintiff to black out (Doc. 12, pp. 6-7).

Plaintiff awoke in a restraint chair, with blood pouring out of a wound in the left side of his forehead, and running into his eyes, mouth, and nose. Plaintiff was taken to a cell (#110) where no cameras were present. Defendant Officers Boma, Walker, Pate, and Riden were in the room with him. Defendant Boma pulled the straps on the restraint chair so tight that Plaintiff lost circulation and suffered great pain. Plaintiff yelled out in pain and called for help. The four officers then proceeded to beat and hit Plaintiff in his face, chest, and ribs while he remained tied in the restraint chair (Doc. 12, p. 7).

Plaintiff was eventually taken to the Harrisburg Medical Center, where multiple stitches were used to close his forehead wound. The next day (December 22, 2014), Plaintiff woke up in a cell with no mat, no blanket, and dried blood all over his head, face, and upper chest. His ribs were bruised, he had a cut on his nose, and his blackened eyes were so swollen that a nurse had to guide him to the health care department because he could not see (Doc. 12, p. 8).

Plaintiff tried to get pain pills from the doctor, but was never given any. He also wrote to the SCDC's Captain Bennett (who is not a named Defendant) asking for medical attention to get his stitches removed, but got no response. Months after the incident, Plaintiff had to remove the stitches himself with a pair of nail clippers. He was left with a permanent scar.

Plaintiff requests $22 million dollars in damages (Doc. 12, p. 9).

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Based on the allegations of the complaint, the Court finds it convenient to divide the pro se action into the following counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit. Any other claim that is mentioned in the complaint but not addressed in this Order should be considered dismissed without prejudice.

> **Count 1:** Fourteenth Amendment claim against Defendants Pate, Boma, Walker, and Riden, for using excessive force against Plaintiff on December 21, 2014;
>
> **Count 2:** Fourteenth Amendment deliberate indifference claim against the unknown doctor or other unknown medical providers who failed to give Plaintiff any pain medication and failed to timely remove his stitches.

Count 1 shall proceed for further review against the named Defendants. It is not clear from the complaint whether Plaintiff intends to pursue a deliberate indifference claim as described in Count 2 against the jail's medical providers, and he did not identify any of them by name. At this stage, Count 2 shall remain part of this action. However, if Plaintiff wishes to include this claim in his case, he must eventually submit an amended complaint to name the responsible parties so that they may be served with notice of the action.

**Count 1 – Excessive Force**

Claims brought pursuant to § 1983, when involving detainees, arise under the Fourteenth Amendment and not the Eighth Amendment. *See Weiss v. Cooley*, 230 F.3d 1027, 1032 (7th Cir. 2000). However, the Seventh Circuit has "found it convenient and entirely appropriate to apply the same standard to claims arising under the Fourteenth Amendment (detainees) and Eighth Amendment (convicted prisoners) 'without differentiation.'" *Bd. v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quoting *Henderson v. Sheahan*, 196 F.3d 839, 845

n. 2 (7th Cir. 1999)); *see also Forrest v. Prine*, 620 F.3d 739 (7th Cir. 2010). In the prison context, the Eighth Amendment is violated where there is an "unnecessary and wanton infliction of pain." *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Force is considered excessive where it is not utilized in "a good-faith effort to maintain or restore discipline," but instead is applied "maliciously and sadistically" to cause harm. *Hudson v. McMillian*, 503 U.S. 1, 7 (1992).

Plaintiff's description of being thrown against a wall, slammed in the head, and beaten while restrained in a chair strongly suggests that unconstitutional excessive force was used on him by Defendants Pate, Boma, Walker, and Riden. Accordingly, **Count 1** shall proceed for further consideration.

**Count 2 – Deliberate Indifference to a Serious Medical Condition**

As noted above, pretrial detainees are not covered by the Eighth Amendment. Instead, their claims for deliberate indifference to medical care are considered under the due process clause of the Fourteenth Amendment, and they are entitled to the same sort of protection against deliberate indifference as convicted inmates, no less. *See Williams v. Romana*, 411 F. App'x 900, 901 n.1 (7th Cir. 2011); *Miller v. Hertz*, 420 F. App'x 629, 634 (7th Cir. 2011). To state a claim for deliberate indifference to medical care, a detainee must show that (1) he suffered from an objectively serious condition which created a substantial risk of harm, and (2) the defendants were aware of that risk and intentionally disregarded it. *Minix v. Canarecci*, 597 F.3d 824, 831 (7th Cir. 2010); *Jackson v. Ill. Medi-Car, Inc.*, 300 F.3d 760, 764-65 (7th Cir. 2002). However, evidence that a defendant acted negligently does not raise a claim for deliberate indifference. *Jackson*, 300 F.3d at 764-65.

A medical need is "serious" for deliberate indifference purposes where it is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that

even a lay person would easily recognize the necessity for a doctor's attention." *Gutierrez v. Peters*, 111 F.3d 1364, 1371 (7th Cir. 1997).

In Plaintiff's case, he sustained a head injury that required stitches. It follows that he was likely to also need pain medication, which he requested of the jail's doctor, but never received. Failure to provide treatment to relieve significant pain may violate the Constitution where the medical provider is aware of the prisoner's condition. *See Gutierrez*, 111 F.3d at 1373. As for the failure to remove Plaintiff's stitches, a delay such as this in providing treatment may constitute deliberate indifference if such delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted).

Plaintiff's account of his inability to obtain pain relief or removal of his stitches from the jail medical staff raises a potential constitutional claim against the medical providers to whom he directed his requests for treatment. However, Plaintiff must identify those individuals if he wishes to pursue claims against them. Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, the individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 805, 810 (7th Cir. 2005) (internal quotations and citations omitted). From Plaintiff's description, it does not appear that the current named Defendants (Pate, Boma, Walker, and Riden) had any connection to the failure to provide appropriate medical care. **Count 2** shall remain in the case at this time, but it is subject to dismissal if Plaintiff does not identify the responsible medical providers within a reasonable time (to be determined by the United States Magistrate Judge).

**Pending Motions**

Plaintiff's motions for recruitment of counsel (Docs. 2 and 5) shall be referred to the United States Magistrate Judge for further consideration.

The motion to add exhibits (Doc. 7) is **GRANTED.** These exhibits consist of excerpts from court testimony that includes descriptions of the excessive force incidents giving rise to Plaintiff's claims. These documents may or may not be useful at this stage of the case, but Plaintiff shall be allowed to add them to his amended complaint. The Clerk is **DIRECTED** to file the documents submitted with Doc. 7 as exhibits to the amended complaint (Doc. 12).

**Disposition**

The Clerk of Court shall prepare for Defendants **PATE, BOMA, WALKER,** and **RIDEN**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on the Unknown (John Doe) Defendants until such time as Plaintiff has identified them by name in a properly filed amended complaint. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

With respect to a Defendant who no longer can be found at the work address

provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Stephen C. Williams** for further pre-trial proceedings, which shall include a determination on the pending motions for recruitment of counsel (Docs. 2 & 5).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Williams for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **REMINDED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: August 31, 2016**

<u>s/ MICHAEL J. REAGAN</u>
Chief Judge
United States District Court